[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 596.]

THE STATE EX REL. JENNINGS, APPELLANT, *v*. NURRE, JUDGE, APPELLEE.

[Cite as State ex rel. Jennings v. Nurre, 1995-Ohio-280.]

*Criminal law—Postconviction relief—Court's discretion to issue findings of fact and conclusions of law in dismissing a second or successive petition for postconviction relief is not limited.*

(No. 93-2043—Submitted May 23, 1995—Decided July 26, 1995.)

APPEAL from the Court of Appeals for Hamilton County, No. C-930526.

———————————

{¶ 1} On June 30, 1993, appellant, David Jennings, an inmate, filed a complaint for a writ of mandamus in the Court of Appeals for Hamilton County. Jennings alleged that respondent, Hamilton County Common Pleas Court Judge Thomas C. Nurre, had dismissed Jennings's second, third, fourth, and fifth petitions for postconviction relief, which were filed during the period from June 1990 to September 1992, without issuing any findings of fact and conclusions of law. Jennings further alleged that these four successive petitions for postconviction relief alleged "ALL NEW ISSUES OF HIS VIOLATIONS OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS ***." Jennings requested a writ of mandamus compelling Judge Nurre to issue findings of fact and conclusions of law on the dismissals of his successive petitions.

{¶ 2} Judge Nurre filed a Civ.R. 12(B)(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted. The court of appeals granted Judge Nurre's motion and dismissed the complaint.

{¶ 3} Jennings filed a timely notice of appeal and a memorandum in support of jurisdiction. Following the filing of Judge Nurre's appellate brief, we issued an entry stating that Jennings's memorandum would be treated as his merit brief.

{¶ 4} The cause is now before the court upon an appeal as of right.

_____

*David Jennings*, *pro se*.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Christian J. Schaefer*, Assistant Prosecuting Attorney, for appellee.

_____

**Per Curiam.**

{¶ 5} Jennings asserts in his sole proposition of law that the court of appeals erred in dismissing his mandamus action. In determining whether a complaint states a claim upon which relief can be granted, all factual allegations of the complaint must be presumed to be true and all reasonable inferences must be made in favor of the nonmoving party. *Perez v. Cleveland* (1993), 66 Ohio St.3d 397, 399, 613 N.E.2d 199, 200. It must appear beyond doubt from the complaint that the plaintiff can prove no set of facts warranting relief in order for a trial court to dismiss a complaint pursuant to Civ.R. 12(B)(6). *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

{¶ 6} Mandamus will lie to compel the filing of findings of facts and conclusions of law when they are required. *State ex rel. Brown v. Court* (1986), 23 Ohio St.3d 46, 23 OBR 122, 491 N.E.2d 303; *State ex rel. Ferrell v. Clark* (1984), 13 Ohio St.3d 3, 13 OBR 378, 469 N.E.2d 843.

{¶ 7} Judge Nurre contends that mandamus will not lie because findings of fact and conclusions of law are not required when successive petitions for postconviction relief are dismissed. He claims that our decision in *State ex rel. Workman v. McGrath* (1988), 40 Ohio St.3d 91, 532 N.E.2d 105, is controlling. In *Workman*, we affirmed the denial of a writ of mandamus by approving the following language from the court of appeals' decision:

"'Under R.C. 2953.23(A), it is within the sound discretion of the trial court to entertain a second petition or successive petitions for similar relief based upon the same facts.

"'Accordingly, we hold that a trial court is not required to file findings of fact and conclusions of law when declining to entertain a second or successive petition for post-conviction relief which alleges the same grounds as earlier petitions. See *State v. Perdue* (1981), 2 Ohio App.3d 285 [, 2 OBR 315, 441 N.E.2d 827]; *State v. Knight* (Aug. 20, 1981), Franklin App. No. 81AP-274, unreported.'" *Id.* at 91, 532 N.E.2d at 106.

{¶ **8**} Jennings claims in effect that *Workman* does not support dismissal of his mandamus action because, unlike the relator in *Workman*, his complaint alleged that his successive petitions alleged different grounds than those in his first petition. See *Sherrills v. State* (Oct. 2, 1990), Cuyahoga App. No. 60294, unreported (writ of mandamus to compel trial court to file findings of fact and conclusions of law on dismissal of successive post-conviction relief petition granted and motion to dismiss overruled where respondent neither asserted nor demonstrated, under *Workman*, that successive petition alleged the same grounds as alleged in earlier petition).

{¶ **9**} However, the holding of *Workman* that a trial court is not required to file findings of fact and conclusions of law in dismissing a successive petition alleging the same grounds as those in the prior petition was premised on the trial court's discretionary authority to "'entertain a second petition or successive petitions for similar relief based upon the same facts.'" *Workman*, *supra*. R.C. 2953.23(A) provides that "the court may, in its discretion and for good cause shown, entertain a second petition or successive petitions for similar relief on behalf of the petitioner based upon the same facts *or on newly discovered evidence*." (Emphasis added.) The "good cause" requirement of R.C. 2953.23(A) places the entertainment of a successive petition for postconviction relief within the sound discretion of the trial

court. *State v. Steffen* (1994), 70 Ohio St.3d 399, 411, 639 N.E.2d 67, 76. Since a trial court's discretion under R.C. 2953.23(A) is not limited to entertaining successive petitions based only on the same facts, its discretion to issue findings of fact and conclusions of law in dismissing a second or successive petition for postconviction relief is similarly not limited.

{¶ 10} This conclusion is supported by *Knight*, *supra*, which was cited with approval in *Workman*. In *Knight*, the Court of Appeals for Franklin County held that based on R.C. 2953.23(A), a "trial court is not required to file findings of fact and conclusions of law when declining to entertain a second or successive petition for post-conviction relief." *Knight* did not limit its holding to successive petitions based only on the same facts as those in the previous petitions.

{¶ 11} Jennings further alleged in his complaint that Judge Nurre abused his discretion by failing to issue findings of fact and conclusions of law. A writ of mandamus will not issue to control judicial discretion, even if that discretion is abused. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 180, 631 N.E.2d 119, 122; R.C. 2731.03. Since no findings were required, the judgments dismissing Jennings's successive petitions were appealable, providing an adequate legal remedy to Jennings. R.C. 2953.23(B); cf. *Ferrell*, *supra*.

{¶ 12} Since it appeared beyond doubt that Jennings's complaint failed to state a claim upon which relief in mandamus can be granted, the court of appeals properly dismissed the case. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____