[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 485.]

THE STATE EX REL. LUNA, APPELLANT, *v.* MCGIMPSEY, JUDGE, APPELLEE.

[Cite as *State ex rel. Luna v. McGimpsey*, 1996-Ohio-285.]

*Mandamus to compel judge to issue findings of fact and conclusions of law and a judgment entry in a second postconviction relief petition—Mandamus action properly dismissed, when.*

(No. 95-1950—Submitted December 12, 1995—Decided February 7, 1996.)

APPEAL from the Court of Appeals for Huron County, No. H-95-047.

———————————

{¶ 1} On August 18, 1995, appellant, Michael K. Luna, an inmate, filed a complaint for a writ of mandamus in the Court of Appeals for Huron County. Luna alleged that respondent, Huron County Common Pleas Court Judge Earl R. McGimpsey, had failed to file findings of fact and conclusions of law and a judgment entry on Luna's October 14, 1994 petition for postconviction relief. Luna had previously filed a petition for postconviction relief on October 11, 1994. Luna requested a writ of mandamus compelling Judge McGimpsey to issue findings of fact and conclusions of law and a judgment entry on Luna's October 14, 1994 postconviction relief petition.[1]

{¶ 2} The court of appeals granted Judge McGimpsey's motion to dismiss and dismissed Luna's complaint.

{¶ 3} The cause is now before this court upon an appeal as of right.

———————————

*Michael K. Luna, pro se.*

———————————

———————————

1. The record appears to show that Luna's October 14, 1994 petition was denied on November 21, 1994.

***Per Curiam.***

**{¶ 4}** Luna asserts in his sole proposition of law that the court of appeals erred in dismissing his mandamus action. Luna claims that because the facts and legal arguments raised in his October 14, 1994 petition were not the same as as those raised in his previous petition, he is entitled to findings of fact and conclusions of law.

**{¶ 5}** "Since a trial court's discretion under R.C. 2953.23(A) is not limited to entertaining successive petitions [for postconviction relief] based only on the same facts, its discretion to issue findings of fact and conclusions of law in dismissing a second or successive petition is similarly not limited." *State ex rel. Jennings v. Nurre* (1995), 72 Ohio St.3d 596, 598, 651 N.E.2d 1006, 1008. A writ of mandamus will not issue to control judicial discretion, even if that discretion is abused. *Id.*, citing *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 180, 631 N.E.2d 119, 122; R.C. 2731.03. In addition, Luna possessed an adequate legal remedy via appeal of the judgment dismissing his postconviction relief petition. R.C. 2953.23(B). The court of appeals properly dismissed Luna's mandamus action.

**{¶ 6}** Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____