95 F.3d 1152
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frankie FULLER, Petitioner-Appellant,
v.
Fred McANINCH, Warden, Respondent-Appellee.
 No. 95-4312.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1996.
 
 Before: MARTIN, KRUPANSKY, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Frankie Fuller, an Ohio prisoner proceeding pro se, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Fuller in 1990 of felonious assault on a peace officer, escape, and resisting arrest. He was sentenced to a total of 10 to 30 years in prison. The Ohio Court of Appeals affirmed Fuller's convictions on February 20, 1991, and the Ohio Supreme Court denied further review.
 
 
 3
 A discussion of the state post-conviction proceedings is set forth in the district court's opinion and order and will not be repeated here. In his petition for habeas corpus relief, Fuller claimed: 1) that he was denied the effective assistance of trial and appellate counsel; 2) that his convictions were obtained by the use of evidence obtained by an unlawful arrest; 3) that the jury was prejudiced; and 4) that the convictions were obtained by insubstantial evidence. The district court dismissed the petition because Fuller had not exhausted his first and second claims for relief. This timely appeal followed.
 
 
 4
 Upon review, we conclude that the district court properly dismissed the petition as the court correctly concluded that Fuller has failed to exhaust available state court remedies with respect to issues one and two. State prisoners must first exhaust their available state court remedies before seeking habeas relief by fairly presenting all their claims to the state courts. See 28 U.S.C. § 2254(b), (c); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir.1994); Rust v. Zent, 17 F.3d 155, 160 (6th Cir.1994). The failure to comply with the exhaustion rule as to only one of the claims will render the entire petition for federal habeas relief a "mixed petition" which must be dismissed if a remedy is still available for the petitioner to pursue. Rose v. Lundy, 455 U.S. 509, 522 (1982).
 
 
 5
 Issues one and two relate to ineffective assistance of trial and appellate counsel for failing to raise issues concerning the warrantless arrest of Fuller and the use of evidence at trial seized during the course of that warrantless arrest. Fuller filed a post-conviction petition asserting several allegations of ineffective assistance of trial counsel; however, he never challenged in post-conviction proceedings trial counsel's failure to raise the Fourth Amendment issue. Fuller did raise this issue in his application for delayed reconsideration in the Ohio Court of Appeals.
 
 
 6
 Under Ohio law, a petitioner who is represented on direct appeal by the same counsel who represented him at trial has no obligation to raise any ineffective assistance of trial counsel claims on direct appeal. See State v. Cole, 443 N.E.2d 169, 171 (Ohio 1982). Fuller was represented by the same counsel at trial and on appeal. A petition for post-conviction relief is the appropriate manner in which to raise ineffective assistance of trial counsel claims for a petitioner who was represented by the same attorney at trial and on direct appeal. Because Ohio law does not prohibit the filing of successive post-conviction petitions, see State ex rel. Jennings v. Nurre, 651 N.E.2d 1006, 1007 (Ohio 1995) (per curiam); State v. Perdue, 441 N.E.2d 827, 829 (Ohio App.1981), this avenue of relief remains available to Fuller.
 
 
 7
 Fuller's inclusion of issues one and two in his application for delayed reconsideration does not negate the requirement that he litigate these issues in post-conviction proceedings. The fair representation requirement is not satisfied when a claim is presented in state court in a procedurally inappropriate manner that renders consideration of its merits unlikely. Castille v. Peoples, 489 U.S. 346, 351 (1989). Accordingly, while ineffective assistance of appellate counsel claims must be presented to the Court of Appeals in an application for delayed reconsideration, see State v. Murnahan, 584 N.E.2d 1204, 1208-09 (Ohio 1992); accord Rust, 17 F.3d at 160, ineffective assistance of trial counsel claims are properly raised in post-conviction proceedings.
 
 
 8
 Because Fuller's first and second claims are unexhausted, dismissal of the entire petition was proper as a mixed petition. There are no extraordinary factors in this case that warrant ignoring the issue of nonexhaustion. Weaver v. Foltz, 888 F.2d 1097, 1100 (6th Cir.1989).
 
 
 9
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.