OPINION
Appellant, Keith Edwards, pro se, appeals the decision of Judge Griffin denying his second petition for postconviction relief. He alleges statutory conflict between his 1989 sentence and the sentencing guidelines found in R.C. 2929.41 (E). We affirm the judgment.
In 1989 Edwards was found guilty of aggravated burglary (Count 1), felonious assault (Count 2), two counts of aggravated robbery (Counts 3 4), and involuntary manslaughter (Count 5) coupled with a firearm specification. Appellant was then sentenced to ten to twenty-five years on count 1, ten years actual incarceration; eight to fifteen years on count 2, eight years actual incarceration; ten to twenty-five years on counts three, four and five, ten years actual incarceration; three years actual incarceration to be served consecutively for the gun specification; all sentences to run concurrently except count two, felonious assault, to run consecutive to counts one, three, four and five.[1]
On February 19, 1991, this court, in State v. Edwards (February 7, 1991), Cuyahoga App. Nos. 58002, 59425, unreported, affirmed appellants convictions. The Supreme Court of Ohio subsequently dismissed appellants Memorandum in Support of Jurisdiction, Writs of Habeas Corpus, and Procedendo.
On September 3, 1996, appellant filed his first petition for postconviction relief asking the trial court to grant him an evidentiary hearing, and vacate and set aside his convictions and sentences. Appellant maintained that he was denied due process of law when the trial court erred by sentencing him to a term of actual incarceration in violation of R.C. 2929.11 and 2941.142. In addition, appellant claimed that he was denied due process of law and equal protection of the law by the enactment of Senate Bill 2. As a result, he asked the court to modify his sentence accordingly.
On October 26, 1996, the trial court denied appellants petition and issued Findings of Fact and Conclusions of Law. Appellant appealed that decision, and on May 22, 1997, this court, in Statev. Edwards (May 22, 1997), Cuyahoga App. No. 71598, unreported, affirmed.
On December 3, 1997, appellant filed his second petition for postconviction relief which was subsequently denied by Judge Griffin.
Appellant assigned three errors for our review which will be treated together. They state:
 I. DOES THE COURT ABUSE ITS DISCRETION BY NOT VACATING AND SETTING ASIDE THE SENTENCE AS REQUIRED AND CORRECTION OF SENTENCE WHERE THE SENTENCING JOURNAL ENTRY IS AMBIGUOUS TO THE IMPOSITION OF SENTENCE STATED BY THE TRIAL COURT IN THE SENTENCING TRANSCRIPT, AND FURTHERMORE, THAT EXCEEDS THE STATUTORY LIMITATIONS PURSUANT TO C.R.C. 2929.41(E).
 II. DOES THE COURT ABUSE ITS DISCRETION BY NOT VACATING AND SETTING ASIDE THE SENTENCE WHERE THE LANGUAGE OF THE SENTENCING IS ["AMBIGUOUS"] WITH REGARDS TO THE ["SAME ANIMUS"].
 III. IS APPELLANT DEPRIVED OF [HIS] LIBERTY WITHOUT DUE PROCESS OF LAW AND AS IS OTHERWISE GUARANTEED BY AND THROUGH THE UNITED STATES CONSTITUTION AND OF THE OHIO CONSTITUTION RESPECTIVELY WHERE APPELLANT IS ENTITLED TO RELIEF WHERE ["AMBIGUITY"] IN THE PERMANENT LAW PROVISIONS (SIC) OF OHIO STATUTORY AUTHORITY ALLOW FOR TWO DISTINCT YET DIFFERENT INTERPRETATIONS, ONE OF WHICH IS FAVORABLE TO THE STATE, WHILE THE OTHER IS FAVORABLE TO APPELLANT. * AND THE LATTER WOULD THEREFORE REQUIRE, IF APPLIED ACCORDINGLY, A MODIFICATION AND/OR A REDUCTION IN SENTENCE(S).
When a petitioner seeks postconviction relief on an issue that was raised or could have been raised on direct appeal, the petition is properly denied by the application of the doctrine ofres judicata. State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, paragraph nine of the syllabus. See, also, State v. Ishmail
(1981), 67 Ohio St.2d 16, 18, 423 N.E.2d 1068. In order to overcome the res judicata bar, the petitioner must show, through the use of extrinsic evidence, that he could not have appealed the original constitutional claim based on the information in the original trial record. State v. Combs (1994), 100 Ohio App.3d 90,97-98, 652 N.E.2d 205. This evidence outside the record is necessary so that petitioner may prove that after conviction he obtained evidence not previously available to him that will prove the claim he is seeking. Id.; see, also, State v. Cooperrider
(1983), 4 Ohio St.3d 226, 228, 448 N.E.2d 452.
Further, in State v. Szefcyk (1996), 77 Ohio St.3d 93,671 N.E.2d 233, it was determined that "[u]nder the doctrine of resjudicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claim of lack of due process that was raised or could have been raised by the defendant at trial, which resulted in a judgment of conviction, or on an appeal from that judgment."
Appellants petition is also a successive petition for postconviction relief, and, as such, is governed by R.C. 2953.23
(A), which states:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 Edwards, in the case sub judice, raised the first and second assignments of error in his first 1989 appeal to this court inState v. Edwards (February 7, 1991), Cuyahoga App. Nos. 58002, 59425, unreported. As a result, his present claims concerning the conflict between his sentence, the sentencing guidelines provided for in R.C. 2929.41 (E), and the interpretation given to the "same ammus" by the trial court, are barred by the doctrine ofres judicata.
Similarly, his contentions over the retroactive application of Senate Bill 2, and the sentencing guidelines found therein, were addressed by this court in State v. Edwards (May 22, 1997), Cuyahoga App. No. 71598, unreported, and are also barred by the doctrine of res judicata.
There is nothing in Edwards' petition to suggest any further analysis of R.C. 2953.23 would be appropriate. Pursuant to this section, it is within the sound discretion of the trial court to entertain successive petitions for postconviction relief that allege similar grounds, and arise from the same or similar facts.State v. Apanovitch (1995), 107 Ohio App.3d 82, 667 N.E.2d 1041. In order to be entertained, Edwards' petition must offer evidence that comports with R.C. 2953.21 (A). That is, to invoke discretionary relief, a petitioner must show that an objective factor, external to the defense, impeded his ability to raise that claim in a prior petition. Id. In this case, Edwards' petition and supporting affidavits failed to offer evidence that satisfies these requirements. Judge Griffin acted properly, and had neither a duty to hold a hearing on the petition, nor a duty to issue findings of fact or conclusions of law. Id.; see, also,State ex rel. Workman v. McGrath (1988), 40 Ohio St.3d 91; Stateex rel. Jennings v. Nurre (1995), 72 Ohio St.3d 596, 598,651 N.E.2d 1006.
Edwards' assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendants convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J.,
DIANE KARPINSKI, J., CONCUR
ANNE L. KILBANE, J.
[1] Perhaps it would be best to clarify the concerns of Edwards on the terms of his sentence as pronounced by Judge Griffin (Appellants Exhibit 0) and the information prepared by "Legal Services" upon reaching the Correctional Reception Center (Appellant's Exhibit P). The Journal Entry contains the correct terms of incarceration. Because the sentences for counts one, three, four, and five are not specified as consecutive, they are deemed concurrent. R.C. 2929.41 (a). Therefore, Edwards was sentenced to three years prior actual incarceration followed by an indefinite sentence of eighteen to forty-three years, a total of twenty-one to forty years imprisonment, less applicable jail credit. The incorrect information contained in Exhibit P (fifty-one to one hundred fifteen years) is a nullity, and of no legal effect.