JOURNAL ENTRY AND OPINION
Appellant Robert Miller appeals the trial court's decision denying his Petition to Vacate and/or Set Aside Conviction and Sentence or in the alternative, to Withdraw Guilty Plea. Miller assigns the following error for our review.
 THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT BY OVERRULING HIS PETITION TO VACATE AND/OR SET ASIDE CONVICTION AND SENTENCE OR IN THE ALTERNATIVE TO WITHDRAW HIS GUILTY PLEA.
After reviewing the evidence and the arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
On April 19, 1991, Miller was indicted for aggravated murder with a firearm specification in connection with the shooting death of his brother-in-law, Leo Montes. On January 21, 1992, Miller pleaded guilty to voluntary manslaughter and was sentenced to a term of eight years actual to twenty-five years in prison.
On May 11, 1992, after an unsuccessful motion for shock probation, Miller filed a Petition to Vacate Judgment and Sentence under R.C. 2953.21. Miller argued the original murder indictment against him was based on untruthful grand jury testimony given by his sister, Barbara Miller-Montes. In an affidavit attached to the petition, Miller-Montes, who was also the victim's wife, averred that she falsely told the grand jury that Miller was jealous of the victim's Mercedes automobile. Miller-Montes averred that she gave the false testimony under extreme duress because her husband's family took her children and threatened not to return them unless she gave the false testimony. She further averred that her husband had been physically and verbally abusive to her and her children. According to Miller-Montes, on the night of the shooting, she went to her parents' home out of fear for her own safety and that of her children. She averred that the victim broke into her parents' home in a rage and threatened to kill everyone inside. According to Miller-Montes, Miller went to get a gun. Thereafter, as the victim and Miller fought over the gun, the gun discharged three times striking the victim and resulting in his death.
In response to the petition, the state argued that Miller's claim was barred by res judicata since it could have been raised in a direct appeal of his conviction. On May 29, 1992, the trial court summarily denied the motion.
On March 15, 1996, the State filed a Motion to Correct Clerical Error in Sentencing. The State argued that the trial court erroneously sentenced Miller to a term of "actual incarceration 8 to 25 years" and asked the court to amend the sentence to read "a term of 8 to 25 years" without the word actual." The State argued it never intended to have the plea agreement make reference to the term "actual."
In an April 8, 1996 journal entry denying the motion, the trial court wrote:
 The court has reviewed transcript of plea of guilty and sentencing of defendant. Actual incarceration was an express condition of the plea bargain, based on the English words utilized by the prosecutor to state terms thereof on the record. There is no basis for the state's contention now that prosecutor erred on this term of the plea bargain.
Miller filed a second Petition to Vacate Judgment and Sentence under R.C. 2953.21 on January 20, 1998. In the petition, Miller argued that, at the time of his guilty plea, his "mind-set" was that he would receive eight years in prison reduced by good behavior and earned credit institutional time to five years, seven months, and seven days. He argued that at the end of five years, four months of his sentence, the parole board extended his sentence to twenty-five years. This, he argued, denied him the benefit of the plea bargain. Attached to the petition was an affidavit from Miller's attorney who averred that neither the victim's wife nor the prosecutor who was originally assigned to the case had any objection to Miller's release.
On February 2, 1998, the trial court summarily denied the petition. On February 11, 1998, Miller filed a motion for findings of fact and conclusions of law. The trial court granted the motion and issued its findings of fact and conclusions of law on September 1, 1998. The court wrote:
 This court inquired of the defendant and fully explained the sentence and referenced the minimum term of eight years actual incarceration with a maximum term of twenty-five years incarceration. The defendant said he understood and never indicated any disagreement or lack of understanding. The Court concludes that the defendant has not raised any constitutional or other violation that is cognizable upon post-conviction relief. The defendant was sentenced to and is currently serving exactly the sentence he was promised and exactly the sentence he was told he would get and exactly the sentence the Court journalized.
(Trial court's journal entry of 9/1/98 at 3.)
On December 11, 1998, Miller filed a Petition to Vacate and/or Set Aside Conviction and Sentence under R.C. 2953.21 or, in the alternative, to Withdraw Guilty Plea under Crim.R. 32.1. He argued that he was never advised that he could be imprisoned for up to twenty-five (25) years maximum. Miller argued his decision to plead guilty was based upon the assurances of his attorney and the prosecutor that he would be released after serving a maximum of eight years in prison. He argued he was unaware that neither attorney had the authority to make such assurances and that, consequently, his plea was not made knowingly, voluntarily and intelligently as required by law.
In an affidavit attached to the petition, Miller averred that his decision to plead guilty was based entirely on his belief that he would serve only a maximum of eight years in prison. Miller also attached an affidavit from his trial counsel who averred that he "specifically told [Miller] that he would only serve a maximum of eight (8) years before being released" and that, in his opinion, Miller's decision to plead guilty was based upon that information. Miller also attached an affidavit from the former prosecutor on the case who averred that it was made clear to [Miller] that he would serve a term of eight (8) years actual incarceration." The former prosecutor added that Miller "was aware that he would not get credit for good time and he was left with the understanding that his term would be eight (8) years actual incarceration."
On December 28, 1998 the trial court denied the motion "due to defendant's prior filing of one or more petitions to vacate under R.C. 2953.21." This appeal followed.
In his assignment of error, Miller argues the trial court erred in refusing to hold an evidentiary hearing on his petition for post-conviction relief and his motion to withdraw his guilty plea under Crim.R. 32.1. It has been held that, when made after the time for direct appeal, a motion to withdraw a guilty plea that seeks vacation of a conviction and sentence due to a claimed violation of a constitutional right must be construed as a successive petition for post-conviction relief. State v. Shie
(July 23, 1997), wayne App. No. 96CA0073, unreported, appeal dismissed (1997), 80 Ohio St.3d 1432. Accordingly, R.C. 2953.23
(A) applies to Miller's motions.
It is within a trial court's discretion whether to consider a second petition for post-conviction relief and a reviewing court will not reverse the court's decision absent a showing that the trial court abused its discretion. State ex rel. Jennings v.Nurre (1995), 72 Ohio St.3d 596, 598; State v. Curry (July 25, 1996), Cuyahoga App. No. 69633, unreported. R.C. 2953.23 (A) provides that a trial court may not entertain a successive petition for post-conviction relief unless the petitioner shows either that he was unavoidably prevented from discovering the facts upon which he must rely to present his claim for relief or, after his previous petition was filed, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation and the petition asserts a claim based on that right. The petitioner must also show by clear and convincing evidence, that but for the constitutional error at trial, no reasonable factfinder would have found him guilty of the offense for which he was convicted. R.C. 2953.23 (A) (1) (2).
Miller argues' that his decision to plead guilty was influenced by misrepresentations made by the prosecutor and his trial counsel that he would be paroled after serving a maximum of eight years in prison. In support of his petition, Miller attached the affidavits from his trial counsel and from the prosecutor who essentially admitted that they led Miller to believe he would be paroled after eight years. Miller argues the affidavits constituted enough evidentiary support for his claim to warrant a hearing. We disagree.
It is the opinion of this court that Miller's claim is barred by the doctrine of res judicata. Under the doctrine of res judicata, "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense; or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Szefcyk (1996), 77 Ohio St.3d 93
at syllabus. The doctrine of res judicata also serves to bar claims for ineffective assistance of counsel that were made or could have been made in prior post-conviction relief proceedings. See State v. Finfrock (October 16, 1998), Montgomery App. No. 16944, unreported; State v. Cotton (May 8, 1997), Cuyahoga App. Nos. 71234 and 71235, unreported, appeal dismissed (1997), 80 Ohio St.3d 1432.
We find that the issue raised by Miller in his second petition for post-conviction relief was addressed by the trial court's ruling on his previous petition for post-conviction relief. In its ruling on that petition, the trial court rejected Miller's claim that he was lead to believe that he would be released on parole after serving a maximum of eight years in prison. The court wrote that it fully explained Miller's sentence and made reference to the minimum term of eight years actual incarceration with a maximum term of twenty-five years incarceration. The court noted that Miller said he understood and never indicated any disagreement. Furthermore, the court noted that Miller replied "Nothing" when asked at the time of sentencing if he was promised any "extra or side benefits" that were not on the record. Although Miller's second petition included an affidavit from the prosecutor that was not attached to his previous petition and a different affidavit from his trial counsel, we have held that res judicata precludes further consideration of claims previously ruled on the trial court even if the petitioner supports these claims with new evidence. Statev. Martinelli (Dec. 5, 1996), Cuyahoga App. No. 70120, unreported. "Defendant should generally be prepared, after thorough investigation to present all evidence to support the particular grounds before broaching the subject." Cotton, citingState v. Williams (Jan. 18, 1996), Cuyahoga App. No. 68613, unreported. Because the trial court addressed the issue of Miller's alleged misunderstanding of his sentence in ruling upon his previous petition for post-conviction relief, we conclude that res judicata precluded him from raising the same issue in a subsequent petition.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATTON, P.J. and KILBANE, J., CONCUR.
 __________________________________ PATRICIA ANN BLACKMON JUDGE