JOURNAL ENTRY and OPINION
Appellant Ronald Larkins appeals the trial court's denial of his motion for post-conviction relief and assigns the following errors for our review:
 I. THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S MOTION TO VACATE HIS JUDGMENT AND SENTENCE BASED ON THE TRIAL COURT'S LACK OF JURISDICTION TO TRY HIM WITHOUT A JURY.
 II. THE TRIAL COURT ERRED BY DENYING APPELLANT' S MOTION TO VACATE SENTENCE WHERE APPELLANT SET FORTH AFFIDAVITS TO SUPPORT THE INEFFECTIVENESS OF TRIAL COUNSEL.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court.
In October 1986, after a bench trial, the trial court sentenced Larkins to life in prison for aggravated murder, aggravated robbery, and attempted murder. In October 1994, Larkins filed a writ of Habeas Corpus in Richland County Court of Appeals claiming lack of jurisdiction because his written waiver of his jury trial right was never filed or made a part of the record. On September 6, 1995, the Ohio Supreme Court reversed the Richland County appellate court holding that a writ of Habeas Corpus does not lie where a criminal defendant has waived his right to a jury trial by executing a written waiver, where the waiver is handed to the trial judge and placed in the court's file, but not file stamped. State. ex rel. Larkins v. Baker (1995), 73 Ohio St.3d 658,659.
Thereafter, on November 30, 1995, Larkins filed with this Court an application to reopen under State v. Murnahan (1992),63 Ohio St.3d 60. He claimed ineffective assistance by his appellate lawyer for failure to raise the jury waiver issue. On August 19, 1996, we denied his Murnahan on the grounds that it was untimely and the doctrine of res judicata.
In September 1996, Larkins then filed a motion to vacate his sentence raising ineffective assistance of counsel as to his right to testify at trial and the jury waiver issue. The trial court denied his motion.
Since April 1, 1988, Larkins has filed various post-conviction relief petitions claiming ineffective assistance of counsel. Here, the trial court refused to entertain his most recent successive petition.
In his first assigned error, Larkins argues under R.C.2953.21 (A) the trial court failed to issue findings of fact and conclusions of law when it denied his petition for post-conviction relief, and the trial court did not have jurisdiction to try him because his jury waiver was not time stamped.
R.C. 2953.21 (A) states:
 Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside judgment or sentence or to grant other appropriate relief.
However, under R.C. 2953.23 (A), in a case where more than one petition for relief has been filed, it is within "the sound discretion of the trial court to entertain a second or successive petition for similar relief based upon the same facts." State exrel. Jennings v. Nurre (1995), 72 Ohio St.3d 596, 597, quotingState ex rel. Workman v. McGrath (1988), 40 Ohio St.3d 91. InNurre, the Ohio Supreme Court ruled a trial court is not required to file findings of fact and conclusions of law when declining to entertain a second or successive petition for post-conviction relief which alleges the same grounds as earlier petitions. Nurre at 597, quoting State v. Perdue (1981), 2 Ohio App.3d 285. This court has stated:
 R.C. 2953.23 (A) has * * * been amended to forbid courts from entertaining second or successive petitions for post-conviction relief unless the petitioner shows both that he was unavoidably prevented from discovering the facts upon which the petition relies to present the claim for relief and that the petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted.
State v. Martimelli (December 5, 1996), Cuyahoga App. No. 70120, unreported, citing State v. Apanovitch (1995), 107 Ohio App.3d 82,87.
Larkins failed to demonstrate that he was "unavoidably prevented" from discovering the evidence which he now places before the court. Nor has he shown that, but for the constitutional error at trial, no reasonable factfinder would have convicted him of the accused offense. There is nothing new in this current petition. Therefore, "the trial court did not have to grant a hearing, much less any form of substantive review." Martinelli. Consequently, the trial court did not abuse its discretion in not issuing findings of fact and conclusions of law on Larkins' successive petition.
Additionally, Larkins argues the trial court did not have jurisdiction to sentence him because his jury waiver was not file stamped. Since the Ohio Supreme Court's decision in Larkins, the Ohio Supreme Court has decided State v. Pless (1996), 74 Ohio St.3d 333. In Pless, the Ohio Supreme Court pointed out that Larkins is different. It was not a direct appeal and Larkins' jury waiver was in the file. Consequently, under Pless, R.C. 2945.05 was satisfied in Larkins' case, and Larkins' lawyer was not ineffective for not raising the issue. Larkins' first assigned error is overruled.
The above analysis applies equally to his second assigned error. Larkins argues the trial court erred in failing to vacate his conviction due to the ineffectiveness of his trial counsel. Larkins presents three instances where he alleges his trial counsel was ineffective. However, he argued the ineffectiveness of his trial counsel in his first motion for post-conviction relief. Even though he cited different grounds in that petition than in the current one, res judicata still bars him from asserting ineffective assistance of counsel again. "This doctrine prevents a petitioner from raising claims that were raised or could have been raised by the petitioner at trial or on an appeal from that judgment." State v. Perry (1967), 10 Ohio St.2d 175, 180. Consequently, his second assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ROCCO, P.J., and KILBANE, J., CONCUR.
 __________________________________ PATRICIA ANN BLACKMON JUDGE