DECISION AND JUDGMENT ENTRY
In 1990, appellant, Wayne W. Allen, pled guilty to one count of aggravated burglary and one count of rape. He was sentenced in the Lucas County Court of Common Pleas to concurrent terms of eight to twenty-five years of incarceration for each count. No direct appeal from this conviction or sentence was taken.
In April 1993, appellant moved to withdraw his plea; that motion was overruled and not appealed. In December 1993, a motion for postconviction relief was overruled and affirmed on appeal. State v. Allen (July 15, 1994), Lucas App. No. L-93-343, unreported. In 1997, appellant's motion to set aside his sentence was denied.
In 1999, appellant's second motion to withdraw his plea was denied. This is the judgment appellant now challenges in this accelerated appeal.
Appellant claims that the trial court abused its discretion when it overruled his motion to withdraw his plea without a hearing, that he was denied effective assistance of counsel prior to his plea, and that the trial court never obtained initial jurisdiction over him or his crime.
None of appellant's assignments of error have merit. There is no requirement that a post-sentencing hearing be held on a motion to withdraw a plea, State v. Blatnik (1984), 17 Ohio App.3d 201,204, and the trial court's denial of appellant's fourth attempt to challenge his plea is hardly an abuse of discretion. Id. at 202; State v. Long (1978), 53 Ohio St.2d 91,98; see, also, State ex rel. Jennings v. Nurre (1995), 72 Ohio St.3d 596. Appellant's attempt to raise ineffective assistance of counsel is untimely, App.R. 4; R.C. 2953.21(A)(2), and unpersuasive. State v. Barnett (1991), 73 Ohio App.3d 244, 249.
Appellant's jurisdictional argument is of questionable coherence, but appears to be a suggestion that his indictment was somehow defective. Yet, he fails to tell us in what manner the indictment was defective or provide authority to support his position. Such is insufficient to sustain an assignment of error. App.R. 16(A)(7).
Accordingly, all of appellant's assignments of error are not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Melvin L. Resnick, J., Mark L. Pietrykowski, J., CONCUR.