JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Elvert Briscoe ("appellant"), appeals the denial of his motion for judgment without response and findings of fact and conclusions of law ("motion for judgment"). For the following reasons, we affirm the decision of the trial court.
 {¶ 2} Appellant was convicted on two counts of rape in violation of R.C. 2907.02, sentenced to life imprisonment on both counts to run concurrently, and was adjudicated a sexual predator at a later hearing. Appellant filed his first petition for postconviction relief (which he later supplemented with excerpts of trial testimony and an affidavit from his former girlfriend), asserting that his counsel was ineffective by failing to (a) adequately investigate potential witnesses and defenses; (b) assert the defenses and call the potential witnesses to testify on appellant's behalf; and (c) object to allegedly inadmissible and prejudicial evidence at trial. The trial court, however, denied the first and supplemental petitions on February 29, 2000, finding that "[appellant] has failed to submit any evidentiary documents to support his claims and has failed to set forth any operative facts which, if true, would establish a substantive ground for relief." This court, on appeal, affirmed the decision of the trial court.[1] Thereafter, on August 16, 2002, appellant filed with the trial court a motion for leave to file a second petition for postconviction relief ("motion for leave"). Appellant asserted in his motion for leave that his counsel's performance was ineffective for the identical reasons (though couched in different terms) he previously asserted in his first petition for postconviction relief. The trial court denied appellant's motion for leave. On December 13, 2002, appellant filed his motion for judgment, arguing that the trial court was required to grant his motion for leave to file a second petition for postconviction relief because the state failed to respond. The trial court denied appellant's motion for judgment, which is now the basis of appellant's appeal.
 {¶ 3} The gravamen of appellant's sole assignment of error contends that the trial court should have issued findings of fact and conclusions of law in connection with his motion for leave to file a second petition for postconviction relief, which was denied. Appellant's argument implicitly contends that the trial court should have granted his motion for leave not only because the state failed to respond to his motion for leave but also because his second petition for postconviction relief established a substantive ground for relief. These contentions, however, lack merit.
 {¶ 4} First, R.C. 2953.23 provides in pertinent part:
 {¶ 5} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 6} "(1) Either of the following applies:
 {¶ 7} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 8} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 9} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 10} "(B) An order awarding or denying relief sought in a petition filed pursuant to section 2953.21 of the Revised Code is a final judgment and may be appealed pursuant to Chapter 2953. of the Revised Code."
 {¶ 11} According to R.C. 2953.23(A), it is within the sound discretion of the trial court to entertain a second petition or successive petitions for postconviction relief based upon the same facts. State ex rel. Workman v. McGrath (1988), 40 Ohio St.3d 91,532 N.E.2d 105; State v. Coker, Cuyahoga App. No. 79869, 2002-Ohio-1071. In Workman, the Supreme Court of Ohio also held specifically that "a trial court is not required to file findings of fact and conclusions of law when declining to entertain a second or successive petition for post-conviction [sic] relief which alleges the same grounds as earlier petitions." 40 Ohio St.3d at 91; see, also,Gause v. Zaleski,85 Ohio St.3d 614, 615, 1999-Ohio-324, 710 N.E.2d 684; State ex rel.Jennings v. Nurre (1995), 72 Ohio St.3d 596, 597-598, 651 N.E.2d 1006;State v. Perdue (1981), 2 Ohio App.3d 285, 286, 441 N.E.2d 827; State v.Knight (Aug. 20, 1981), Franklin App. No. 81AP-274. Absent an abuse of discretion, the trial court does not commit reversible error in denying a second petition for postconviction relief on the same grounds raised in the first petition for postconviction relief.
 {¶ 12} Here, appellant's motion for leave did not meet the two-part test as required in R.C. 2953.23 and, in particular, failed to show by clear and convincing evidence that, but for the alleged constitutional error committed by his counsel, no reasonable factfinder would have found him guilty of rape beyond a reasonable doubt. Despite appellant's arguments to the contrary, there is no evidence that the trial court abused its discretion, or acted unreasonably, arbitrarily, or unconscionably, when it denied appellant's motion for leave which asserted the same ineffective assistance of counsel claims raised in his first petition for postconviction relief. Nor is there any authority to support appellant's argument that the trial court was required to grant his motion for judgment because the state failed to respond to his motion for leave to file the second petition for postconviction relief.
 {¶ 13} Further, as held in Workman, appellant is not entitled to findings of fact and conclusions of law because his motion for leave to file his second petition for postconviction relief, which was denied by the trial court, simply reiterated the claims raised in his first petition. Thus, the decision of the trial court denying appellant's motion for judgment was not an abuse of discretion.
 {¶ 14} The judgment is affirmed.
Judgment affirmed.
Ann Dyke and Kenneth A. Rocco, JJ., concur.
[1] State v. Briscoe (Nov. 22, 2000), Cuyahoga App. No. 77832. In addition, the Supreme Court of Ohio denied appellant's leave to appeal and dismissed the appeal because it did not involve any substantial constitutional question.