OPINION
{¶ 1} Robert O. Hayden appeals from the judgment of the Montgomery County Common Pleas Court denying his fourth petition for postconviction relief and granting summary judgment in favor of the State.
 {¶ 2} Hayden was convicted in 1990 of rape and a prior aggravated felony specification. The complaint alleged that Hayden forced the woman with whom he was *Page 2 
living at that time to have sexual intercourse after she refused to watch a pornographic movie with him. This Court subsequently affirmed his conviction. See State v. Hayden (Sept. 27, 1991), Montgomery App. No. 12220, 1991 WL 215065. In our opinion, we noted that the medical evidence was inconclusive because of a similarity of blood types. Id. at *2. We also pointed out that the credibility of the witnesses was the critical question before the trial court, where the only direct evidence of the rape came from the victim, and the contrary evidence was hearsay from those who merely heard Hayden deny the offense. Id.
 {¶ 3} Thereafter, Hayden filed a petition for writ of habeas corpus, which was rejected by the Fourth District Court of Appeals. SeeHayden v. Morris (Mar. 16, 1994), Ross App. No. 93CA1974, 1994 WL 88940. He then filed a petition for postconviction relief, alleging that his trial counsel was ineffective for failing to discover evidence demonstrating his innocence. According to Hayden, a forensic report prepared by the Miami Valley Regional Crime Lab was available at the time of trial, but undiscovered by his trial counsel, which showed that Caucasian pubic hairs were found on the victim. This fact was significant because Hayden is African American. The lab report also indicated, however, that DNA testing of the rape victim's vaginal aspirate could exclude Hayden as the source of DNA obtained from the non-sperm portion of the aspirate, but it could not exclude him as the source of the DNA obtained from the sperm portion. The trial court subsequently denied Hayden's petition, and he appealed. On appeal, we held that there was sufficient evidence to warrant a hearing on this claim. See State v. Hayden (Dec. 5, 1997), Montgomery App. No. 16497,1997 WL 752614. However, following the evidentiary hearings, the trial court rejected Hayden's claim. We affirmed *Page 3 
that decision on the basis that contrary evidence at the hearing permitted a finding that the victim herself could have been the source of the pubic hairs, in addition to that fact that Hayden could not be excluded as a source of the DNA obtained from the sperm portion of the vaginal aspirate. State v. Hayden (July 16, 1999), Montgomery App. No. 17649, 1999 WL 960968, at *2. Therefore, the evidence failed to support the asserted inference that the perpetrator was a Caucasian, and not Hayden. Id.
 {¶ 4} On June 29, 2001, Hayden filed a motion with the trial court for relief from judgment under Civ.R. 60(B). In denying his claim, the trial court recognized that this motion must be construed as the second petition for postconviction relief Hayden had filed. See State v.Hayden (Mar. 20, 2002), Montgomery C.P. No. 90-CR-308. Consequently, the petition was required to show that Hayden had been unavoidably prevented from discovering the facts upon which he relied to present his claim pursuant to R.C. 2953.23(A). According to the court, Hayden's reliance on a pubic hair combing did not warrant relief, for this evidence had been in Hayden's possession for some time, and he had referred to it in his 1996 petition for postconviction relief. Id. No appeal followed.
 {¶ 5} Approximately three years later, Hayden filed a "motion for rehearing," requesting that the trial court re-open the hearings from his first petition for postconviction relief. Hayden alleged that he had been denied the opportunity to cross-examine witnesses about DNA testing performed by Cellmark Diagnostics. The trial court denied the motion, finding that Hayden should have raised this issue during his 1999 appeal in Montgomery App. No. 17649. We affirmed the trial court's decision. See State v. Hayden, Montgomery App. No. 20657, 2005-Ohio-4024. In our opinion, we *Page 4 
held that Hayden failed to satisfy the alternate ground in R.C.2953.23(A)(1)(a) that grants jurisdiction to trial courts to entertain successive petitions for postconviction relief if "subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petitioner asserts a claim based on that right." Id. at ]}19. Specifically, Hayden contended that he was afforded a new constitutional right to cross-examine witnesses by Crawford v. Washington (2004), 541 U.S. 36, 124 S.Ct. 1354,158 L.Ed.2d 177, which held that "where testimonial statements are concerned, confrontation is the only indicia of reliability that can satisfy constitutional standards." Id. at 1J16, citingCrawford, 541 U.S. at 68-69. In rejecting his argument, however, this Court found that because Hayden's conviction was final and not pending direct review, no new constitutional right could be applied retroactively to his claims. Id. at ]}17. Additionally, we noted that the Sixth Amendment right of confrontation does not apply to postconviction relief proceedings. Id. at ]}18 (citations omitted).
 {¶ 6} At nearly the same time Hayden filed his "motion for rehearing," he also filed an application with the trial court requesting DNA testing of the pubic hairs, semen and fibers that were collected from the victim. The trial court rejected Hayden's application on the grounds that a forensic scientist had testified at both the trial and the first postconviction hearing that DNA tests were performed, but their results were inconclusive as to excluding Hayden as the perpetrator. State v.Hayden (Sept. 29, 2004), Montgomery C.P. No. 1990-CR-0308. On appeal, Hayden did not challenge the trial court's decision to reject DNA testing of the semen; instead, he argued that the *Page 5 
court should have allowed testing of the pubic hairs. State v.Hayden, Montgomery App. No. 20747, 2005-Ohio-4025, at {¶ }18. Again we rejected Hayden's argument, finding that an exclusion result from DNA testing of the pubic hairs would not be outcome determinative of Hayden's guilt. Id. at ]}25. In discussing the irrelevancy of the origin of the pubic hairs, we provided the following:
 {¶ 7} "As a final matter, we should also point out that Hayden's focus on the origin of the pubic hairs — or for that matter, even the semen, makes little sense in the context of this case. This was not a situation where the victim was attacked by a stranger or where the identity of the rapist was at issue. Hayden and the victim lived together, and she claimed that he had sexually assaulted her after she refused to watch a pornographic movie. Therefore, the issue would have been whether the victim consented to sex. When we originally reviewed this case on appeal, we stated that the crucial issue was the credibility of witnesses. We stressed that the only direct evidence of the rape came from the victim, and that the contrary evidence was hearsay produced by those who had heard Hayden simply deny the offense. Furthermore, the conflict was `created by a self-serving statement made to others, with virtually no factual information.'" Id. at]}30 (citations omitted).
 {¶ 8} On March 1, 2006, Hayden filed his fourth petition for postconviction relief, requesting a hearing on the basis that genetic testing conducted in 2005 to determine paternity contradicts the test results performed by Orchid Cellmark as part of the 1998 evidentiary hearings. The trial court simultaneously denied the petition and granted summary judgment upon motion by the State.
 {¶ 9} Hayden filed a timely notice of appeal from the trial court's order. He *Page 6 
presents the following two assignments of error for our review:
 {¶ 10} "I. "The trial court committed plain error of law when it granted Summary Judgment to the State of Ohio."
 {¶ 11} "II. "The trial court committed plain error when it dismiss [sic] petitioner's Post Conviction [sic] pursuant to § 2953.23 of the Ohio Revised Code."
 {¶ 12} Whether to entertain a second or successive petition for postconviction relief lies within the sound discretion of the trial court, and that ruling will not be disturbed on appeal absent a clear showing of abuse of discretion. State v. Perdue (1981),2 Ohio App.3d 285, 286, 2 OBR 315, 441 N.E.2d 827. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481,450 N.E.2d 1140 (citations omitted).
 {¶ 13} Upon review of the record, we find that the trial court did not abuse its discretion in denying Hayden's motion for postconviction relief. Pursuant to R.C. 2953.23(A), the record does not demonstrate that Hayden was unavoidably prevented from discovering the facts upon which his claim for relief lies. Furthermore, Hayden has not shown by clear and convincing evidence that no reasonable factfinder would have found him guilty of rape but for constitutional error at trial. Thus, the judgment of the trial court will be affirmed.
 {¶ 14} To facilitate the disposition of this appeal, we will address Hayden's assignments of error together. Hayden contends that he has satisfied the requirements of R.C. 2953.23 because he was unavoidably prevented from discovering the facts upon which his claim for relief depends until he received the 2005 genetic test report from *Page 7 
Orchid Cellmark. According to Hayden, the report reveals that the DNA identified in connection with the vaginal aspirate from the 1998 evidentiary hearing does not match the DNA from the 2005 test excluding Hayden as the biological father of the subject child.
 {¶ 15} Successive postconviction petitions are prohibited by R.C.2953.23(A) unless division (1) or (2) of that section applies. Division (2) does not apply to the present matter, for the 2005 test submitted in conjunction with Hayden's petition was performed pursuant to Chapter 3111 of the Ohio Revised Code to determine if a paternal relationship existed.[1] Division (1) of R.C. 2953.23(A) provides that successive petitions for postconviction relief will be allowed if both of the following conditions are satisfied:
 {¶ 16} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petitioner asserts a claim based on that right.
 {¶ 17} "(b) The petitioner shows by clear and convincing evidence that, but for *Page 8 
constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * * ."
 {¶ 18} Here, we do not find that Hayden has sufficiently demonstrated that he was unavoidably prevented from discovering the facts contained in the 2005 genetic test. As the State correctly points out, the 2005 test simply indicates that Hayden does not share the necessary paternal markers to be the biological father of the subject child. It does not reveal when these results could have become available, or, more importantly, how the results relate to the victim or the crime for which Hayden was convicted. Essentially, Hayden is asking this Court to accept his scientific conclusions and find that the results of the paternity test are sufficient to distinguish his DNA from the sample introduced at trial. Cloaked in this argument is the contention that the trial court erred in denying his application for DNA testing in September 2004. We have already addressed this issue, affirming the trial court's decision on the basis that the DNA tests performed by the Miami Valley Regional Crime Lab "did not and could not exclude Hayden as the perpetrator."State v. Hayden, Montgomery App. No. 20747, 2005-Ohio-4025, at {¶ } 12. We further found that an exclusion result from DNA testing of Hayden's biological material would not be outcome determinative of his guilt. Id. Thus, we find no merit in Hayden's argument that the 2005 genetic test constitutes a relevant basis upon which relief should be granted.
 {¶ 19} Furthermore, we do not find that Hayden has shown by clear and convincing evidence that no reasonable factfinder would have found him guilty of rape *Page 9 
but for constitutional error at trial. Again, we refer to this Court's prior decisions reasserting the trial court's basis for the conviction. Because the medical evidence at trial was inconclusive as to Hayden's perpetrating the rape, the critical question before the trial court was the credibility of the witnesses, not the origin of the semen or other biological material from which DNA evidence was extracted. See State v.Hayden (Sept. 27, 1991), Montgomery App. No. 12220, 1991 WL 215065. We are, therefore, not persuaded that had the results of the 2005 genetic test been introduced, a different result would have occurred.
 {¶ 20} "`Upon a motion by the prosecuting attorney for summary judgment, a petition for post-conviction relief shall be dismissed where the pleadings, affidavits, files and other records show that there is no genuine issue as to any material fact, and there is no substantial constitutional issue established.'" State v. Brown, Montgomery App. No. 19776, 2003-Ohio-5738, at]}18, quoting State v. Milanovich (1975), 42 Ohio St.2d 46, 325 N.E.2d 540, paragraph two of the syllabus. We are not convinced that Hayden has satisfactorily presented a genuine issue of material fact or substantive grounds for relief in his argument. Accordingly, we conclude that the trial court appropriately exercised its discretion in dismissing Hayden's petition for postconviction relief and in rendering summary judgment in favor of the State. Hayden's first and second assignments of error are overruled, and the judgment of the trial court is affirmed.
GRADY and DONOVAN, JJ., concur.
[1] R.C. 2953.23(A)(2) states that "[t]he petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under section2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section R.C. 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense * * * ." *Page 1