KOTT *v.* MAXWELL, WARDEN.

[Cite as Kott v. Maxwell, Warden, 3 Ohio App. 2d 337.]

(No. 8168—Decided August 24, 1965.)

*Mr. John A. Kott, in propria persona.*
*Mr. William B. Saxbe,* attorney general, and *Mr. Leo J. Conway,* for respondent.

*Per Curiam.* In the within case, the petitioner, John A. Kott, appears to be "a prisoner in custody under sentence and

claiming a right to be released" from the custody of E. L. Maxwell, Warden, Ohio Penitentiary, respondent, within the meaning of the newly-enacted Section 2953.21, Revised Code. This section and three others were enacted in Amended Senate Bill No. 383 by the 106th General Assembly of Ohio. The bill was passed as an emergency measure on July 12, 1965, was approved by the Governor of Ohio, and effective on July 21, 1965.

It further appears that the petitioner's claims as ground for his release, "that there was such a denial or infringement of his rights as to render the judgment [sentence] void or voidable under the Ohio Constitution or the Constitution of the United States," was within the meaning of Section 2953.24, Revised Code.

That being the case, it appears that the petitioner herein has a newly-created right available to him under the provisions of Sections 2953.21 to 2953.24, inclusive, of the Revised Code, to apply directly to the trial court which imposed sentence, stating the grounds relied upon and asking the trial court to vacate or set aside the sentence. Amended Senate Bill No. 383, referred to above, was drawn according to the provisions of the emergency clause for the reason, among others, that it would provide "a new procedure" to make available "the best method of protecting constitutional rights of individuals, and, at the same time, provide a more orderly method of hearing such matters." The new remedy must be exercised in the court which passed sentence, and, therefore, it would appear that the petitioner has not exhausted remedies available to him in the court imposing the sentence. Under the language of the statute, the trial court is given very broad powers, which may be invoked at any time, including the right to "vacate or set aside the sentence," to "discharge the prisoner, or resentence him or grant a new trial, as may appear appropriate."

There is, of course, no question that this court is vested under the Constitution with full power to entertain petitions for writs of habeas corpus. However, until a petitioner has exhausted the immediate and direct remedies available to him under the provisions of Amended Senate Bill No. 383 in a case such as this, justice will usually be best served in the trial court.

Therefore, the petition at this time is dismissed, but such dismissal will in no way prevent renewal of the application after the petitioner has exhausted remedies as provided in Amended Senate Bill No. 383.

*Petition dismissed.*

BRYANT, P. J., DUFFEY and TROOP, JJ., concur.