[Cite as *State v. Ashraf*, 2015-Ohio-5323.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| WAQAR ASHRAF | : | Case No. CT2015-0052 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Muskingum County Court of Common Pleas, Case No. CR2014-0327


JUDGMENT:      Reversed and Remanded


DATE OF JUDGMENT:      December 17, 2015


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

D. MICHAEL HADDOX      WAQAR ASHRAF, pro se
Prosecuting Attorney      #A715-169
     Noble Correctional Institution
By: GERALD V. ANDERSON II      15708 McConnelsville Road
Assistant Prosecuting Attorney      Caldwell, Ohio 43724
27 North 5th St., P.O. Box 189
Zanesville, Ohio 43702-0189

*Baldwin, J.*

{¶1}    Appellant Waqar Ashraf appeals a judgment of the Muskingum County Common Pleas Court dismissing his petition for postconviction relief.  Appellee is the State of Ohio.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2}    On October 22, 2014, appellant was charged by indictment with thirty-six counts of illegal use of food stamp benefits in violation of R.C. 2913.46(B) and thirteen counts of trafficking in drugs in violation of R.C. 2925.03(A)(1).  He entered a guilty plea on March 2, 2015 to 20 counts of illegal use of food stamp benefits, trafficking in drugs (oxycodone, percocet) with a school specification, trafficking in drugs (marijuana), trafficking in drugs (oxycodone, oxycontin) with a school specification, trafficking in drugs (methamphetamine) with a school specification, trafficking in drugs (cocaine) with a school/juvenile specification, and trafficking in drugs (alprazolam) with a school specification.  He was sentenced on April 17, 2015 to an aggregate term of incarceration of 71 months.

{¶3}    Appellant filed a petition for postconviction relief on September 14, 2015.  In his petition he argued that his trial counsel failed to inform him that if he entered a guilty plea he could face deportation.  His petition further alleged that on June 22, 2015, he learned from the Department of Homeland Security that an immigration detainer was placed against him, and if he failed to demonstrate that he is a legal permanent resident, he will be removed from the United States to Pakistan.  He attached an affidavit to his petition averring that his counsel did not inform him that he could face deportation and be sent back to Pakistan, and the trial court did not advise him of the potentially adverse

effects of a criminal conviction pursuant to R.C. 2943.031.  The trial court dismissed the petition.  Appellant assigns four errors on appeal:

{¶4} "I.     THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO WITHDRAW PLEA AND VACATE CONVICTION PURSUANT TO PADILLA V. KENTUCKY (2010), 130 S.CT. 1473.

{¶5} "II.     THE TRIAL COURT ERRED BY FAILING TO HOLD AN EVIDENTIARY HEARING ON APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA AND VACATE HIS CONVICTION PURSUANT TO R.C. 2953.21 DESPITE APPELLANT'S CLEAR AND UNEQUIVOCAL REQUEST.

{¶6} "III.     THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED 5TH CIRCUIT PRECEDENT WHEN IT REFUSED TO GRANT APPELLANT ORAL ARGUMENT ON HIS POSTCONVICTION PETITION.

{¶7} "IV.  THE TRIAL COURT ERRED BY FAILING TO STATE CONCLUSIONS OF FACT AND LAW WHEN IT DENIED APPELLANT'S MOTIONS TO WITHDRAW HIS GUILTY PLEA AND VACATE CONVICTION PURSUANT TO R.C. 2953.21."

IV.

{¶8} We address appellant's fourth assignment of error first, as it is dispositive of the instant appeal.

{¶9} In his fourth assignment of error, appellant argues that the court erred in failing to make findings of fact and conclusions of law upon dismissing his petition.

{¶10} Petitions for post-conviction relief are governed by R.C. 2953.21. Specifically, the statute provides that when a trial court denies a petition for postconviction relief without a hearing, it is required to issue findings of fact and conclusions of law. R.C.

2953.21(G). The requirement that a trial court make findings of fact and conclusions of law is essential in order to prosecute an appeal. *State v. Mapson*, 1 Ohio St.3d 217, 219, 438 N.E.2d 910 (1982). While a trial court is not required to make findings when dismissing a successive petition for relief (See *State ex rel. Jennings v. Nurre*, 72 Ohio St.3d 596, 1995-Ohio-280, 651 N.E.2d 1006) or when dismissing a petition as untimely (See *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155), in the instant case the petition was appellant's first petition and was timely filed.

{¶11} The court's judgment entry dismissing the petition states:

{¶12} "This matter comes before the Court upon the motion filed on September 14, 2015, by the Defendant for Post-Conviction Relief pursuant to Section 2953.21 and 2953.23 of the Ohio Revised Code. The Court, after due consideration of the motion for relief, hereby Denies said motion."

{¶13} The judgment is insufficient to comply with the requirement of R.C. 2953.21(G) that the court issue findings of fact and conclusions of law when denying a petition for postconviction relief without a hearing. The fourth assignment of error is sustained.

{¶14} The judgment of the Muskingum County Common Pleas Court is reversed and this cause is remanded to that court with instructions to make findings of fact and conclusions of law.  Costs are assessed to appellee.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.