[Cite as *State v. Poulton*, 2016-Ohio-901.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. CT2015-0041 |
| ADAM C. POULTON | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County Court
of Common Pleas, Case No. CR2013-0011

JUDGMENT:     Dismissed

DATE OF JUDGMENT ENTRY:     March 7, 2016

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

D. MICHAEL HADDOX                ADAM C. POULTON
Prosecuting Attorney                 A 686-056
Muskingum County, Ohio          Ross Correctional Institution
                                                    PO Box 7010
By: GERALD V. ANDERSON II    Chillicothe, Ohio 45601
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., PO Box 189
Zanesville, Ohio 43702-0189

*Hoffman, J.*

{¶1}    Defendant-appellant Adam C. Poulton appeals the July 9, 2015 Judgment Entry entered by the Muskingum County Court of Common Pleas denying his petition for post-conviction relief filed pursuant to R.C. 2953.21.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    On January 10, 2013, Dresden Police Officer Scott Caldwell was on routine patrol when he observed an African–American male, later identified as Jeffrey Body, enter a residence at 801 Canal Street, an area known for illegal drug activity. Officer Caldwell also noticed a Cadillac automobile moving through the area. A few minutes later, he returned to the area and saw a number of people in the middle of the street. Officer Caldwell then saw Body, with blood on his person, running away from the group of people. The officer radioed the Muskingum County Sheriff's Office for assistance. Body thereafter told investigators he had been jumped and robbed by three or four males. During the altercation, Body suffered several broken bones to his face and was robbed of his wallet and automobile.

{¶3}    On January 16, 2013, the Muskingum County Grand Jury indicted Appellant on the following charges: 1) Aggravated Robbery with a firearm specification and repeat violent offender specification, a felony of the first degree, R.C. 2911.01(A)(1), 2941.145, and 2941.149; 2) Aggravated Robbery with a firearm specification and repeat violent offender specification, a felony of the first degree, R.C. 2911.01(A)(3), 2941.145, and 2941.149; 3) Felonious Assault with a firearm specification and repeat violent offender specification, a felony of the second degree, R.C. 2903.11(A)(1), 2941.145, and 2941.149; 4) Theft (motor vehicle), a felony of the fourth degree, R.C. 2913.02(A)(1); 5)

Having a Weapon While Under Disability, a felony of the third degree, R.C. 2923.13(A)(2); 6) Having a Weapon While Under Disability, a felony of the third degree, R.C. 2923.13(A)(3); 7) Theft ($1,000–$7,500), a felony of the fifth degree, R.C. 2913.02(A)(1).

**{¶4}** Appellant appeared with his attorney for arraignment on January 23, 2013, at which time he entered pleas of not guilty to the aforesaid counts.

**{¶5}** On March 26, 2013, Appellant's trial attorney filed a written motion to withdraw as counsel. The trial court denied said motion via Judgment Entry.

**{¶6}** The case proceeded to a jury trial on May 30, 2013. Following the presentation of evidence, the jury returned a verdict of guilty on all charges and specifications.

**{¶7}** At sentencing, the trial court found the following counts would merge: Counts One, Two, and Three; Counts Four and Seven; Counts Five and Six; all firearm specifications; and all repeat violent offender specifications. The court also found Counts One and Two would merge with Counts Four and Seven. The trial court thereupon sentenced Appellant to an aggregate prison term of sixteen years.

**{¶8}** On direct appeal, this Court affirmed Appellant's conviction and the trial court's denial of counsel's motion to withdraw. *State v. Poulton*, Muskingum CT2013-0030, 2014 Ohio 1198.

**{¶9}** On December 19, 2013, Appellant filed a petition for post-conviction relief, pursuant to R.C. 2953.21, asserting his conviction and sentence should be set aside as he was denied the effective assistance of counsel and was denied the right to counsel of his choice.

{¶10} The trial court denied Appellant's petition for post-conviction relief via Judgment Entry of July 9, 2015.

{¶11} Appellant appeals, assigning as error:

{¶12} "I. THE LOWER COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT A HEARING THEREBY DENYING HIM RIGHT TO COUNSEL GUARANTEED BY THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION TEN OF THE OHIO CONSTITUTION.

{¶13} "II. THE LOWER COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR APPOINTMENT OF COUNSEL AND EXPERT ASSISTANCE THEREBY DENYING HIS RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF LAW GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SIMILAR PROVISIONS OF THE OHIO CONSTITUTION."

I

{¶14} In the first assignment of error, Appellant asserts the trial court erred in denying his petition for post-conviction relief without a hearing.

{¶15} R.C. 2953.21(G) reads,

(G) If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition. If no direct appeal of the case is pending and the court finds grounds for relief or if a pending direct appeal of the case has been remanded to the court pursuant to a request made pursuant to

division (E) of this section and the court finds grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter a judgment that vacates and sets aside the judgment in question, and, in the case of a petitioner who is a prisoner in custody, shall discharge or resentence the petitioner or grant a new trial as the court determines appropriate. The court also may make supplementary orders to the relief granted, concerning such matters as rearraignment, retrial, custody, and bail. If the trial court's order granting the petition is reversed on appeal and if the direct appeal of the case has been remanded from an appellate court pursuant to a request under division (E) of this section, the appellate court reversing the order granting the petition shall notify the appellate court in which the direct appeal of the case was pending at the time of the remand of the reversal and remand of the trial court's order. Upon the reversal and remand of the trial court's order granting the petition, regardless of whether notice is sent or received, the direct appeal of the case that was remanded is reinstated.

{¶16} In *State v. Mapson,* 1 Ohio St.3d 217, 438 N.E.2d 910 (1982), the Ohio Supreme Court held,

> After carefully reviewing the applicable statutes and the policies underlying these statutes, this court holds that R.C. 2953.21 mandates that a judgment denying post-conviction relief include findings of fact and conclusions of law, and that a judgment entry filed without such findings is

incomplete and it thus does not commence the running of the time period for filing an appeal therefrom.

***

The procedural nature of R.C. 2953.21(C) cannot be ignored. This section, along with the other sections dealing with post-conviction relief, provide a procedure " * * * to make available 'the best method of protecting constitutional rights of individuals, and, at the same time, provid[ing] a more orderly method of hearing such matters.' " *Kott v. Maxwell* (1965), 3 Ohio App.2d 337, 338, 210 N.E.2d 746 [32 O.O.2d 457]. This court's holding that findings of fact and conclusions of law are part and parcel of a judgment denying post-conviction relief fosters the orderliness of this process.

Important policy considerations also underlie this decision. The obvious reasons for requiring findings are " * * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." *Jones v. State* (1966), 8 Ohio St.2d 21, 22, 222 N.E.2d 313 [37 O.O.2d 357]. The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error. (Footnote omitted.)

**{¶17}** Accordingly, a judgment entry without findings of fact and conclusions of law is not a final, appealable order. *State v. Evans,* 9th Dist. 10CA0020, 2012-Ohio-1120, citing *State v. Beard,* 9th Dist. No. 07CA009240, 2008-Ohio 3722.

**{¶18}** Here, the trial court's July 9, 2015 Judgment Entry denied Appellant's petition for post-conviction relief without making the statutorily required findings of fact and conclusions of law. Pursuant to R.C. 2953.21 and Ohio case law, we find the July 9, 2015 Judgment Entry is not a final appealable order as the entry does not set forth findings of fact and conclusions of law other than denying Appellant's petition for post-conviction relief without a hearing. Accordingly, the appeal is dismissed for lack of a final appealable order.

II.

**{¶19}** Based upon our disposition of Appellant's first assignment of error, the second assigned error is premature.

By: Hoffman, J.

Gwin, P.J. and

Baldwin, J. concur