Gwin, P.J.
{¶ 1} Defendant-appellant Robert Horton, Sr. appeals the March 16, 2017 Judgment Entry entered by the Muskingum County Court of Common Pleas denying his petition for post-conviction relief filed pursuant to R.C. 2953.21. Plaintiff-appellee is the State of Ohio.
Facts and Procedural History
{¶ 2} This case came about from an investigation by the Central Ohio Drug Enforcement ("CODE") Task Force using a confidential informant ("CI"). The intended target was Appellant's son, Robert Horton, Jr., but due to the nature of the drug enterprise, the CI could not directly approach Horton, Jr. The CI was friends with Appellant and approached him to introduce the CI to Horton, Jr. While unintended, Appellant agreed to facilitate a drug buy between Horton, Jr. and the CI.
*713 Two separate drug buys were made, each for approximately 28 grams of cocaine.
{¶ 3} Appellant conducted the first controlled buy. During the second controlled buy, Appellant put the CI in direct contact with Horton, Jr. The proceeds from both of these illegal transactions went to Horton, Jr.
{¶ 4} On June 3, 2015, Appellant, Robert Horton, Sr. was indicted on two counts of Trafficking in Cocaine, one with a Forfeiture specification, and both were first-degree felonies.
{¶ 5} On August 19, 2015, Appellant pled no contest to one count of Trafficking in Cocaine, amended to a third degree felony, and one count of Trafficking in Cocaine, a felony of the first degree.
{¶ 6} On October 5, 2015, the trial court sentenced Appellant to a mandatory term of five (5) years on the first-degree felony and two (2) years on the third degree felony, to be served concurrently, for an aggregate sentence of five (5) years.
{¶ 7} This Court affirmed appellant's conviction and sentence. State v. Horton, 5th Dist. Muskingum Case No. CT2015-0053, 2016-Ohio-8193, 2016 WL 7367833.
{¶ 8} On February 16, 2016, Appellant filed a handwritten "Motion to Vacate Sentence" with the trial court.[1] The state filed a memorandum in opposition on February 23, 2016. It does not appear that the trial court ruled upon this pro se motion. In its memorandum, the state conceded that the trial court was required to make findings of fact and conclusions of law.
{¶ 9} On June 20, 2016, Appellant filed pro se a typewritten "Motion for Reconsideration to Vacate Sentence" with the trial court. The state filed its opposition to the motion on June 20, 2016. It does not appear in the record that the trial court ruled upon this motion.
{¶ 10} On August 17, 2016, Appellant filed a "Petition to Vacate or Set Aside Judgment of Conviction and Sentencing (Evidentiary Hearing Requested) with the trial court. The state filed its opposition on August 31, 2016. Appellant filed a Response on September 8, 2016. On October 14, 2016, Appellant filed a "Motion for Summary Judgment" with the trial court. On March 6, 2017, Appellant filed a "Motion for Ruling" with the trial court. By Judgment Entry filed March 16, 2017, the trial court summarily denied Appellant's petition to vacate or set aside and his motion for summary judgment.
Assignments of Error
{¶ 11} Appellant raises two assignments of error,
{¶ 12} "I. APPELLANT'S GUILTY PLEA WA NOT ENTERED KNOWINGLY, VOLUNTARILY, OR INTELLIGENTLY WHICH WAS PREMISED UPON INCORRECT LEGAL ADVICE, THUS RECEIVING INEFFECTIVE ASSISTANCE OF COUNSEL.
{¶ 13} "II. THE TRIAL COURT IMPROPERLY DISMISSED THE PETITION WITHOUT MAKING FINDINGS OF FACT AND CONCLUSIONS OF LAW IN THIS REGARD."
II.
{¶ 14} We address Appellant's second assignment of error first, as it is dispositive of the instant appeal.
{¶ 15} In his second assignment of error, Appellant argues that the court erred in failing to make findings of fact and conclusions of law upon dismissing his petition.
*714 {¶ 16} R.C. 2953.21 governs petitions for post-conviction relief. Specifically, the statute provides that when a trial court denies a petition for post-conviction relief without a hearing, it is required to issue findings of fact and conclusions of law. R.C. 2953.21(G). The requirement that a trial court make findings of fact and conclusions of law is essential in order to prosecute an appeal. State v. Mapson , 1 Ohio St.3d 217, 219, 438 N.E.2d 910 (1982). While a trial court is not required to make findings when dismissing a successive petition for relief (See State ex rel. Jennings v. Nurre , 72 Ohio St.3d 596, 651 N.E.2d 1006 (1995) ), in the instant case the trial court did not rule on Appellant's February 6, 2016 or June 20, 2016 petitions. Thus, the August 17, 2016 petition was Appellant's first petition.
{¶ 17} In State v. Mapson , 1 Ohio St.3d 217, 438 N.E.2d 910 (1982), the Ohio Supreme Court held,
After carefully reviewing the applicable statutes and the policies underlying these statutes, this court holds that R.C. 2953.21 mandates that a judgment denying post-conviction relief include findings of fact and conclusions of law, and that a judgment entry filed without such findings is incomplete and it thus does not commence the running of the time period for filing an appeal therefrom.
* * *
The procedural nature of R.C. 2953.21(C) cannot be ignored. This section, along with the other sections dealing with post-conviction relief, provide a procedure "* * * to make available 'the best method of protecting constitutional rights of individuals, and, at the same time, provid[ing] a more orderly method of hearing such matters.' " Kott v. Maxwell (1965), 3 Ohio App.2d 337, 338, 210 N.E.2d 746 [32 O.O.2d 457]. This court's holding that findings of fact and conclusions of law are part and parcel of a judgment denying post-conviction relief fosters the orderliness of this process.
Important policy considerations also underlie this decision. The obvious reasons for requiring findings are "* * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." Jones v. State (1966), 8 Ohio St.2d 21, 22, 222 N.E.2d 313 [37 O.O.2d 357]. The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error. (Footnote omitted.)
{¶ 18} The judgment in the case at bar is insufficient to comply with the requirement of R.C. 2953.21(G) that the court issue findings of fact and conclusions of law when denying a petition for post-conviction relief without a hearing. The second assignment of error is sustained.
{¶ 19} In light of our disposition of Appellant's second assignment of error, we find appellant's first assignment of error to be premature.
{¶ 20} The judgment of the Muskingum County Common Pleas Court is reversed and this cause is remanded to that court with instructions to make findings of fact and conclusions of law. See, State v. Poulton, 5th Dist. Muskingum No. CT2015-0041, 2016-Ohio-901, 2016 WL 900620 ; State v. Ashraf, 5th Dist. Muskingum No. CT2015-0052, 2015-Ohio-5323, 2015 WL 9305530.
Hoffman, J., and
Wise, Earle, J., concur

The pro se motion does not appear to contain a proper Proof of Service."