[Cite as *State v. Horton*, 2018-Ohio-3231.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ROBERT HORTON SR., | : | Case No. CT2018-0019 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2015-0184

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        August 10, 2018

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

D. MICHAEL HADDOX        ROBERT HORTON, SR, pro se
Prosecuting Attorney        #A719-622
       15708 McConnelsville Road
By: GERALD V. ANDERSON        Caldwell, Ohio 43701
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702-0189

*Baldwin, J.*

{¶1} Defendant-appellant Robert D. Horton appeals from the March 27, 2018 Findings of Fact and Conclusions of Law issued by the Muskingum County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} This case came about from an investigation by the Central Ohio Drug Enforcement ("CODE") Task Force using a confidential informant ("CI"). The intended target was appellant's son, Robert Horton, Jr., but due to the nature of the drug enterprise, the CI could not directly approach Horton, Jr. The CI was friends with appellant and approached him to introduce the CI to Horton, Jr.  While unintended, appellant agreed to facilitate a drug buy between Horton, Jr. and the CI. Two separate drug buys were made, each for approximately 28 grams of cocaine.

{¶3} Appellant conducted the first controlled buy. During the second controlled buy, Appellant put the CI in direct contact with Horton, Jr. The proceeds from both of these illegal transactions went to Horton, Jr.

{¶4} On June 3, 2015, appellant, Robert Horton, Sr. was indicted on two counts of Trafficking in Cocaine in violation of R.C. 2925.03(A)(1) one with a forfeiture specification. Both were first degree felonies.  At his arraignment on June 10, 2015, appellant entered a plea of not guilty to the charges.

{¶5} Thereafter, on August 19, 2015, appellant withdrew his former not guilty plea and pled no contest to one count of Trafficking in Cocaine, amended to a third degree

felony, and one count of Trafficking in Cocaine, a felony of the first degree. Pursuant to an Entry filed on October 7, 2015, the trial court sentenced appellant to a mandatory term of five (5) years on the first degree felony and to one (1) year on the third degree felony, to be served concurrently, for an aggregate sentence of five (5) years. The trial court also fined appellant $10,000.00.

{¶6} Appellant then appealed. This Court affirmed appellant's conviction and sentence. *State v. Horton,* 5th Dist. Muskingum Case No. CT2015-0053, 2016-Ohio-8193, 2016 WL 7367833.

{¶7} On February 16, 2016, Appellant filed a handwritten "Motion to Vacate Sentence" with the trial court. The state filed a memorandum in opposition to the same on February 23, 2016. It does not appear that the trial court ruled upon this pro se motion. In its memorandum, the state conceded that the trial court was required to make findings of fact and conclusions of law.

{¶8} On June 20, 2016, Appellant filed pro se a typewritten "Motion for Reconsideration to Vacate Sentence" with the trial court. The state filed its opposition to the motion on June 20, 2016. It does not appear in the record that the trial court ruled upon this motion.

{¶9} Thereafter, on August 17, 2016, Appellant filed a "Petition to Vacate or Set Aside Judgment of Conviction and Sentencing (Evidentiary Hearing Requested)" with the trial court, arguing that he received ineffective assistance of trial counsel. T Appellant alleged that he entered a plea on the advice of counsel and that, prior to sentencing, he sought to withdraw his plea on the grounds that the Detective K.C. Jones had broken the chain of custody  and tampered with  and substituted the evidence prior to it being

submitted for testing. The state filed its opposition on August 31, 2016 and appellant filed a response on September 8, 2016. On October 14, 2016, Appellant filed a "Motion for Summary Judgment" with the trial court. On March 6, 2017, Appellant filed a "Motion for Ruling" with the trial court. As memorialized in a Judgment Entry filed on March 16, 2017, the trial court summarily denied appellant's Petition to Vacate or Set Aside and his Motion for Summary Judgment.

{¶10} Appellant then appealed. Pursuant to an Opinion filed on July 8, 2017, this Court, in *State v. Horton,* 5th Dist. Muskingum No. CT2017–0020, 2017-Ohio-7052, reversed the judgment of the trial court and remanded the matter to that court with instructions to make findings of fact and conclusions of law to support the dismissal of appellants Post-Conviction Petition without a hearing. The trial court issued Findings of Fact and Conclusions of Law on March 27, 2018. The trial court stated, in its Findings of Fact and Conclusions of Law, in relevant part, that appellant has not presented any evidence to support his tampering claim and that appellant "was not denied his fundamental right to effective assistance of counsel."

{¶11} Appellant now raises the following assignments of error on appeal:

{¶12} "I. APPELLANT'S GUILTY PLEA WAS NOT ENTERED KNOWINGLY, VOLUNTARILY, OR INTELLIGENTLY WHICH WAS PREMISED UPON INCORRECT LEGAL ADVICE, THIS RECEIVING INEFFECTIVE ASSISTANCE OF COUNSEL."

{¶13} "II. TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S PETITION WITHOUT A HEARING WHEN APPELLANT ALLEGED SUBSTANTIAL OPERATIVE FACTS IN SUPPORT OF GRANTING THE PETITION."

{¶14} "III. RES JUDICATA IS INAPPLICABLE."

I

**{¶15}** Appellant, in his first assignment of error, argues that defense counsel's ineffective assistance precluded him from entering a guilty plea in a knowing, voluntary and intelligent manner and, therefore, the trial court erred in denying his "Petition to Vacate or Set Aside Judgment of Conviction and Sentencing (Evidentiary Hearing Requested)". We disagree.

**{¶16}** To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See*, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption  that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, 1 citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955). "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

**{¶17}** Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

**{¶18}** Appellant specifically contends that his counsel was ineffective by advising him to plead no contest because appellant would not have done so had he known that Detective K.C. Jones of the Muskingum County Sheriff's Department broke the chain of custody and tampered with and substituted the evidence in this case before the evidence was tested by BCI.

**{¶19}** However, as noted by the trial court in its March 27, 2018 Findings of Fact and Conclusions of Law, appellant has not presented any evidence supporting his claim on tampering. In his brief, appellant simply argues that "[i]t's not beyond the realm of possibilities for Jones to tamper and substitute the white powder substances with that of cocaine" and that the "State of Ohio cannot prove that tampering and substitution did not occur."

**{¶20}** We find that appellant has failed to show that his trial counsel was ineffective or that he was prejudiced in any way.

**{¶21}** Appellant's first assignment of error is, therefore, overruled.

II

**{¶22}** Appellant, in his second assignment of error, maintains that the trial court erred when it denied his August 17, 2016 "Petition to Vacate or Set Aside Judgment of Conviction and Sentencing (Evidentiary Hearing Requested)" without a hearing.

**{¶23}** Under R.C. § 2953.21, a petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. *State v. Calhoun,* 86 Ohio St.3d 279, 1999-Ohio-102, 714 N .E.2d 905. The Ohio Supreme Court has held that the proper basis for dismissing a petition for post-conviction relief without holding an evidentiary hearing includes: (1) the failure of the petitioner to set forth sufficient operative facts to establish

substantive grounds for relief, and (2) the operation of res judicata to bar the constitutional claims raised in the petition. *Id.; State v. Lentz,* 70 Ohio St.3d 527, 1994-Ohio-532, 639 N.E.2d 784  In this case, the record reflects that appellant failed to submit any supporting affidavits or other evidentiary documents containing sufficient "operative facts" to support any of the claims presented.

{¶24}  Upon review of the record and the post-conviction pleadings, we hold the trial court did not abuse its discretion in denying appellant's petition for post-conviction relief without conducting an evidentiary hearing. As is stated above, the trial court, in its March 27, 2018 Findings of Fact and Conclusions of Law, found that appellant had failed to present any evidence supporting his claim of tampering.

{¶25}  Appellant's second assignment of error, is, therefore, overruled.

III

{¶26}  Appellant, in his third assignment of error, argues that res judicata is not applicable to bar his claims.

{¶27}  Under Ohio law, where a defendant, 'represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence *dehors* the record, *res judicata* is a proper basis for dismissing defendant's petition for postconviction relief.' " *State v. Dickerson,* 10th Dist. Franklin No. 13AP–249, 2013–Ohio–4345, ¶ 11, quoting *State v. Cole,* 2 Ohio St.3d 112, 443 N.E.2d 169 (1982), syllabus, modifying *State v. Hester,* 45 Ohio St.2d 71, 341 N.E.2d 304 (1976).

**{¶28}** While appellant submitted evidence dehors the record, the trial court found, and we agree, that such evidence did not support his claim. We find that, therefore, appellant's third assignment of error is moot.

{¶29} Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

John Wise, J. concur.