[Cite as *State v. McCall*, 2018-Ohio-3306.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| EUGENE B. MCCALL | : | Case No. 2018CA0002 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Coshocton County
                             Court of Common Pleas, Case Nos.
                             16CR0062 and 16CR0097


JUDGMENT:                    Dismissed


DATE OF JUDGMENT:            August 16, 2018


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JASON W. GIVEN                          EUGENE B. MCCALL, pro se
Coshocton County Prosecutor             #732-204
318 Chestnut Street                     15708 McConnelsville, Ohio 43724
Coshocton, Ohio 43812                   Caldwell, Ohio 43724

*Baldwin, J.*

{¶1} Appellant appeals from the Entry of the Coshocton County Court of Common Pleas denial of his petition for post-conviction relief. The Appellee is the State of Ohio.

## STATEMENT OF FACTS AND THE CASE

{¶2} The facts giving rise to the charges filed against Appellant are unnecessary for the resolution of this appeal and therefor they are omitted.

{¶3} In Case Number 16 CR 0062 Appellant was charged by indictment with one count of having weapons while under disability, a felony of the third degree pursuant to R.C. 2923.13(A)(3) [Count I]; one count of trafficking in cocaine, a felony of the second degree pursuant to R.C. 2925.03(A)(2) and (C)(4)(d) [Count II]; one count of trafficking in cocaine, a felony of the fourth degree pursuant to R.C. 2925.03(A)(1) and (C)(4)(b) [Count III]; and one count of trafficking in cocaine, a felony of the fourth degree pursuant to R.C. 2925.03(A)(1) and (C)(4)(b) [Count IV].

{¶4} Count II was accompanied by two forfeiture specifications, one related to $1728 in cash and the other related to the 1994 Chevrolet Corvette.

{¶5} In case number 16 CR 0097, Appellant was charged by indictment with one count of possession of cocaine, a felony of the fifth degree pursuant to R.C. 2925.11(A) and (C)(4). The single-count indictment also included a forfeiture specification relating to $4510 in cash.

{¶6} On November 18, 2016, an amended indictment was filed in case number 16 CR 0062 which added three counts to those listed above: one count of drug possession [heroin], a felony of the fifth degree pursuant to R.C. 2925.11(A) and (C)(6)(a)

[Count V]; one count of drug possession [hydrocodone], a felony of the fifth degree pursuant to R.C. 2925.11(A) and (C)(2)(a) [Count VI]; and one count of possession of drugs [buprenorphrine], a felony of the fifth degree pursuant to R.C. 2925.11(A) and (C)(2)(a) [Count VII].

{¶7} On December 9, 2016, Appellee moved to join both cases pursuant to Crim. R. 8 and 13. The trial court granted the motion and the cases were consolidated.

{¶8} On January 24, 2017, Appellant changed his pleas to no contest to Counts I through VII, and the forfeiture specifications, in case number 16 CR 0062, although Count II was amended to a felony of the fourth degree. Appellant also entered a negotiated plea of no contest to the sole count in the indictment in case number 16 CR 0097.

{¶9} In exchange for Appellant's pleas of no contest, Appellee agreed to recommend a prison term of six years (concurrent with a term of 11 months in 16 CR 0097); not to oppose a pre-sentence investigation (P.S.I.); not to pursue charges from a traffic stop on September 17, 2016; and to return the $2,148 seized during that stop.

{¶10} The trial court sentenced Appellant to an aggregate prison term of six years and advised Appellant of the optional term of post-release control and penalties for any violation. The trial court journalized Appellant's sentence in both cases on January 30, 2017.

{¶11} Appellant appealed his sentence and the trial transcript was filed in this Court on April 13, 2017. We overruled Appellant's assignments of error and affirmed the trial court's decision. *State v. McCall*, 5th Dist. Coshocton No. 2017CA0002, 2017-Ohio-7860.

**{¶12}** On March 8, 2018, Appellant, *pro se*, filed his first petition for post-conviction relief alleging the sentences imposed were void. Appellee opposed the motion and, on March 20, 2018, the Court journalized its entry denying the motion, without a hearing, finding that "the defendant's motion to be not well taken and said motion is denied." Appellant filed a reply to Appellee's opposition on March 29, 2018 and a notice of appeal on April 24, 2018.

**{¶13}** Appellant submitted a single assignment of error:

**{¶14}** "I. TRIAL COURT ERRED WHEN DENYING APPELLANT'S MOTION TO VACATE THE VOID JUDGMENTS IN 16CR0062 AND 16CR0097, WHEN PLAIN ERROR IS PRESENT."

ANALYSIS

**{¶15}** While neither party has raised the issue of whether the trial court's entry is a final appeal order, this court must address, sua sponte, whether there is a final appealable order ripe for review. *State ex rel. White v. Cuyahoga Metro. Hous. Aut.,* 79 Ohio St.3d 543, 544, 684 N.E.2d 72 (1997). If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed. Because the Appellant's petition was dismissed without a hearing and because the trial court did not include findings of fact and conclusions of law, we are compelled to dismiss this appeal for lack of a final appealable order.

**{¶16}** Petitions for post-conviction relief are governed by R.C. 2953.21. Specifically, the statute provides that when a trial court denies a petition for post-conviction relief without a hearing, it is required to issue findings of fact and conclusions of law. R.C. 2953.21(H). The requirement that a trial court make findings of fact and

conclusions of law is essential in order to prosecute an appeal. *State v. Mapson,* 1 Ohio St.3d 217, 219, 438 N.E.2d 910 (1982). While a trial court is not required to make findings when dismissing a successive petition for relief (See *State ex rel. Jennings v. Nurre,* 72 Ohio St.3d 596, 1995–Ohio–280, 651 N.E.2d 1006) or when dismissing a petition as untimely (See *State ex rel. Kimbrough v. Greene,* 98 Ohio St.3d 116, 2002–Ohio–7042, 781 N.E.2d 155), in the instant case the petition was Appellant's first petition and was timely filed.

{¶17} The court's judgment entry dismissing the petition states:

This matter is before the court upon the "defendant's motion to vacate the void sentences that offend the U.S. Constitution", filed March 8, 2018.

The motion has been opposed by the State of Ohio.

Whereupon, the court finds the defendant's motion to be not well taken and said motion is denied."

{¶18} The judgment is insufficient to fulfill the requirement of R.C. 2953.21(H) that the court issue findings of fact and conclusions of law when denying a petition for post-conviction relief without a hearing. We held in *State v. Poulton*, 5th Dist. Muskingum No. CT2015-0041, 2016-Ohio-901, ¶ 17 that a judgment entry dismissing a post-conviction petition without findings of fact and conclusions of law is not a final, appealable order. *State v. Evans,* 9th Dist. 10CA0020, 2012–Ohio–1120, citing *State v. Beard,* 9th Dist. No. 07CA009240, 2008–Ohio 3722. We reach the same conclusion in this case.

{¶19} This appeal is dismissed for lack of a final appealable order.

By: Baldwin, J.

Wise, John, P.J. and

Gwin, J. concur.