[Cite as *State v. Horton*, 2019-Ohio-625.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon.W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| ROBERT D. HORTON, SR. | : | Case No. CT2018-0066 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Case No. CR2015-0184


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    February 19, 2019


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

TAYLOR P. BENNINGTON                ROBERT D. HORTON SR., PRO SE
27 North Fifth Street                     #A719-622
P.O. Box 189                              Noble Correctional Institution
Zanesville, OH  43702-0189               15708 McConnelsville Road
                                          Caldwell, OH  43724-9678

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Robert D. Horton, Sr., appeals the October 5, 2018 judgment entry of the Court of Common Pleas of Muskingum County, Ohio, denying his motion for leave to file a motion for new trial.  Plaintiff-Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On June 3, 2015, the Muskingum County Grand Jury indicted appellant on two counts of trafficking in cocaine in the first degree in violation of R.C. 2925.03.  On August 18, 2015, appellant pled no contest to one count of trafficking in cocaine in the first degree and one count of trafficking in cocaine in the third degree.  The trial court found appellant guilty by entry filed the next day.  By entry filed October 7, 2015, the trial court sentenced appellant to an aggregate term of five years in prison.

{¶ 3}   Appellant filed an appeal, claiming the state failed to establish that the weight of actual cocaine met the requisite statutory threshold after excluding the weight of filler materials used in the mixture.  This court affirmed appellant's convictions and sentence. *State v. Horton, Sr.,* 5th Dist. Muskingum No. CT2015-0053, 2016-Ohio-8193.

{¶ 4}   On August 17, 2016, appellant filed a petition to vacate or set aside judgment of conviction and sentence, claiming ineffective assistance of trial counsel. Appellant alleged he entered no contest pleas on the advice of counsel, but he should not have because the detective in the case had broken the chain of custody and tampered with and substituted the evidence prior to it being submitted for testing.  By entry filed March 16, 2017, the trial court denied the petition.  Following a remand by this court for findings of fact and conclusions of law, the trial court did so on March 27, 2018, finding appellant did not present any evidence to support his tampering claim.  This court affirmed

the trial court's decision. *State v. Horton, Sr.,* 5th Dist. Muskingum No. CT2018-0019, 2018-Ohio-3231.

{¶ 5}   On September 20, 2018, appellant filed a motion for leave to file a motion for new trial.  Appellant claimed his convictions pursuant to his no contest pleas were based on insufficient evidence, and he had newly discovered evidence related to his allegation of evidence tampering.  By entry filed October 5, 2018, the trial court denied the motion.

{¶ 6}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 7}   "THE TRIAL COURT ERRED IN DENYING THE MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL PURSUANT TO APPLYING THE INCORRECT STANDARD OF REVIEW."

II

{¶ 8}   "IT WAS PREJUDICIAL ERROR TO DENY THE EQUAL OPPORTUNITY TO PRESENT EVIDENCE UNDERPINNING GROUNDS FOR A NEW TRIAL PURSUANT [TO] NO CONTEST PLEAS."

I, II

{¶ 9}   In his assignments of error, appellant claims the trial court erred in denying his motion for leave to file a motion for new trial and erred in denying him the opportunity to present evidence.  We disagree.

{¶ 10} In his motion to the trial court for leave to file a motion for new trial, appellant argued his convictions pursuant to his no contest pleas were based on insufficient

evidence, and he had newly discovered evidence related to his allegation of evidence tampering which the prosecutor had failed to disclose.

{¶ 11} Crim.R. 33 governs new trial. Subsections (A)(2), (4), and (6) and (B) and (C) state the following:

**(A) Grounds.** A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;

(4) That the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified;

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the

circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

**(B) Motion for New Trial; Form, Time.** * * * Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

**(C) Affidavits Required.** The causes enumerated in subsection (A)(2) and (3) must be sustained by affidavit showing their truth, and may be controverted by affidavit.

{¶ 12} The trial court found appellant guilty on August 19, 2015. Because appellant was well outside the one hundred twenty day period, he filed a motion for leave to file a motion for new trial on September 20, 2018. To obtain such leave, appellant was required to show by clear and convincing proof that he was unavoidably prevented from discovering the evidence within the one hundred twenty days. *State v. Lordi*, 149 Ohio App.3d 627, 2002-Ohio-5517, 778 N.E.2d 605. "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that

ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. Walden,* 19 Ohio App.3d 141, 483 N.E.2d 859 (1984). Clear and convincing proof is that proof "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 13} In its October 5, 2018 entry denying appellant's motion, the trial court stated the following:

> First, the Court finds that the Defendant has failed to file an affidavit as required. Further, the Court finds that it is untimely and the Defendant has failed to provide how he was unavoidably prevented from discovering the alleged new evidence. Moreover, the Defendant has failed to provide any such new evidence to support his claim. Additionally, the issue of insufficient evidence has previously been addressed and was found to be erroneous.

{¶ 14} Based upon the foregoing, we do not find error in the trial court's decision.

{¶ 15} In his motion for leave to file a motion for new trial, appellant argued insufficient evidence to convict him. Appellant pled no contest. During the plea hearing, the prosecutor stated "the parties stipulate to the facts sufficient for a finding of guilty on the charges, and submit a stipulated exhibit concerning the scientific testing of the evidence in this case." August 18, 2015 T. at 4. Defense counsel acknowledged "[t]he

statements made by the prosecutor are correct." *Id.* Appellant did not produce any proof to substantiate this claim.

{¶ 16} Also in his motion, appellant argued newly discovered evidence. Appellant stated he was not aware of the detective's "questionable conduct" (tampering with the evidence) until receiving reports from his counsel prior to sentencing, but after pleading no contest. The report in question was the BCI lab report. Appellant argued he "was unavoidably prevented from discovering its exculpatory value due to the State of Ohio not disclosing such in his case." The report was attached to appellant's plea form as State's Exhibit 1. During the plea hearing, the prosecutor referred to the report attached to the plea form. August 18, 2015 T. at 4, 11. Clearly, appellant had knowledge of the evidence prior to the expiration of one hundred twenty days. The evidence in question was not "newly discovered."

{¶ 17} Because appellant made allegations of prosecutorial misconduct regarding the missing report, he was required to file an affidavit pursuant to Crim.R. 33(C) which the trial court correctly found he failed to do. Appellant did not submit any attachments to his motion.

{¶ 18} Upon review, we find the trial court did not err in denying appellant's motion for leave to file a motion for new trial.

{¶ 19} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.

EEW/db 211